IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RUFUS HAMPTON,

    Plaintiff,

v.       CASE NO. 4:12-cv-45-RH-GRJ

JAMES BLACKWOOD, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections ("FDOC"), initiated this case by filing a *pro se* complaint on the Court's civil rights complaint form for prisoners in actions under 42 U.S.C. § 1983.  (Doc. 1.) For the reasons discussed below, it is respectfully **RECOMMENDED** that this cause be dismissed for abuse of the judicial process.

## BACKGROUND AND FACTS

Plaintiff is an inmate under the custody of the FDOC at Taylor Correctional Institution Annex ("Taylor C.I.") in Perry, Florida.  Plaintiff's Complaint names nine Defendants, all of whom are employed by the FDOC at Taylor C.I. Plaintiff claims the Defendants violated his rights under the First, Eighth and Fourteenth Amendments in connection with a series of grievances he filed and disciplinary actions taken against him by the Defendants.  Plaintiff seeks, among other relief, monetary damages and injunctive relief.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (Twombly "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by Iqbal*)*.

*Case No: 4:12-cv-45-RH-GRJ*

## **DISCUSSION**

Plaintiff's Complaint is due to be dismissed because Plaintiff abused the judicial process by failing to disclose three of his previous cases in federal court.

Plaintiff executed the civil rights complaint form under penalty of perjury. (Doc. 1 at 7.) The Court's screening of the Complaint discloses Plaintiff failed to list three cases he previously filed in federal court.

Specifically, section IV of the Court's civil rights complaint form required Plaintiff to disclose information regarding previous lawsuits. (*Id*. at 3-5.) In section IV C of the complaint form Plaintiff was required to disclose whether he has initiated other actions in either state or federal court that relate to the fact or manner of the prisoner's incarceration or conditions of confinement, including civil rights complaints about any aspect of prison life or habeas corpus petitions. Plaintiff checked "Yes" and provided details for one such action he filed in this Court, No. 5:99–cv-92.[1] (*Id.* at 4.) Under the question requiring Plaintiff to disclose information about the date of dismissal of cases that are not still pending, and the reasons for the dismissal, Plaintiff marked "N/A." (*Id.*)

Despite clear instruction in the civil rights complaint form, Plaintiff failed to list three cases he previously filed in federal court. These cases include two applications for a writ of habeas corpus under 28 U.S.C. § 2254, both in the Southern District of Florida (Southern District Case Nos. 0:91-cv-06587 and 0:03-cv-60023). Plaintiff also filed a civil rights lawsuit in the Middle District of Florida against FDOC officials at Union

---

[1] Case No. 5:99-cv-92 in this Court was dismissed on August 24, 2000 for Plaintiff's failure to disclose Middle District Case No. 3:84-cv-789 and Southern District Case No. 0:91-cv-06587 in his amended complaint in that case. (No. 5:99-cv-92 Doc. 36.)

*Case No: 4:12-cv-45-RH-GRJ*

Correctional Institution in 1984 that he failed to list in his Complaint.[2]  (Middle District Case No. 3:84-cv-789.)

Plaintiff clearly did not heed the instructions on the Court's civil rights complaint form, despite signing the form under the penalty of perjury.  Plaintiff failed to comply with section IV C by completely omitting from his Complaint three previous cases he filed in federal court, all of which clearly fell within the ambit of that section and should thus have been disclosed.  Furthermore, it is evident that Plaintiff is well aware of the requirement that he include all of his prior cases on the complaint form, as he previously filed a lawsuit in this District, which expressly was dismissed because Plaintiff provided false answers to questions regarding his prior litigation.  (No. 5:99-cv-92, Doc. 36.)  In that case, Plaintiff's case was dismissed because Plaintiff failed to disclose Middle District Case No. 3:84-cv-789 and Southern District Case No. 0:91-cv-06587 – two of the cases Plaintiff omitted from the Complaint form in this case.

The Court entered an Order To Show Cause on January 30, 2012 giving Plaintiff the opportunity to show cause as to why this case should not be dismissed for abuse of the judicial process. (Doc. 4.)  The only explanation in Plaintiff's response to the show cause order is that the omission was  an honest oversight on Plaintiff's part and was based upon erroneous advice he received from the law clerks at Taylor C.I.  (Doc. 5.) The Court concludes that this is insufficient to raise a meritorious excuse particularly in the view of the fact that the Plaintiff had a prior lawsuit in this District dismissed for

---

[2] Although the hard copy of the case file for Middle District Case No. 3:84-cv-789 is not available, the docket sheet reflects that action was filed by Plaintiff pursuant to 42 U.S.C. § 1983 and Plaintiff claimed the Defendants were forcing him to work despite doctor's orders that he not work.  The docket sheet for that case also reflects that case was voluntarily dismissed with prejudice by the parties on December 21, 1988.

*Case No: 4:12-cv-45-RH-GRJ*

failure to disclose the same cases Plaintiff failed to disclose in this case.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  See Redmon v. Lake County Sheriff's Office, No. 10-11070, 2011 WL 476601, at *4 (11th Cir. Feb. 10, 2011).[3]  In Redmon, the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint for failure to disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held the district court had the discretion to conclude the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"   Id.  The Court determined dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

Id.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another

---

[3] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Case No: 4:12-cv-45-RH-GRJ*

case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See* Redmon, 2011 WL 576601, at *4; Johnson v. Crawson, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010)("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); Paulcin v. McNeil, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this instance, Plaintiff completely failed to disclose three previous lawsuits he filed in federal court in Section IV of the instant Complaint.  The Court's complaint form clearly provides that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 1 at 5.)  Accordingly, Plaintiff's representation that he did not include his prior cases as an honest oversight is unsupported by the language of the complaint form itself.

Furthermore, Plaintiff is clearly aware of the requirement he include all his prior cases on the complaint form, as he has had a lawsuit in this District previously dismissed for providing false answers to questions regarding his prior litigation.

*Case No: 4:12-cv-45-RH-GRJ*

Plaintiff's rationale for failing to disclose these cases is unconvincing and contrary to the language of the Court's complaint form, which warrants dismissal of this case.

### RECOMMENDATION

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED** that:

(1) This case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A for abuse of the judicial process.

(2) The dismissal of this case should count as a strike pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** in Gainesville, Florida this 27th day of February, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 4:12-cv-45-RH-GRJ*